[Civ. No. 50459. Second Dist., Div. Four. Feb. 28, 1978.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff and Respondent, v.
VINCENT SULLIVAN et al., Defendants and Appellants.

---

**COUNSEL**

Theo Lacy for Defendants and Appellants.

Harry S. Fenton, John P. Horgan, Robert E. Brown, Thomas J. Brandi and Robert B. Buell for Plaintiff and Respondent.

---

**OPINION**

**KINGSLEY, J.**—The state seeks to condemn in fee a parcel of land adjoining a state highway and to condemn an easement in property

adjoining the parcel to be taken in fee. After a hearing in which the issue of the right to condemn was decided against the landowners,[1] the parties stipulated to the amount to be paid and a final judgment of condemnation was entered. The landowners appeal; we affirm.

In light of the stipulation, the only issue raised and argued on this appeal is the right of the state to condemn the fee and easement involved. The landowners raise two contentions; (1) that, in fact, the state is not using the condemned property; and (2) that there was no environmental impact report for the proposed use of the property. We reject both contentions.

I

Originally the state sought to condemn in fee all of the property herein involved and it secured an order for immediate possession. Negotiations followed, resulting in an amended complaint seeking only an easement over part of the property. Some two years had elapsed before the case came on for hearing on the amended complaint. The highway involved is in an area subject to earth slides, one of which had seriously damaged the highway requiring extensive repairs. The purpose of the condemnation, as disclosed by the evidence, is to provide two things: (1) a relatively secure slope adjoining the section of the highway predictably subject to future slides; and (2) to provide a means of access for any future repair work. Admittedly, the property has not been subjected to any work since the possession was obtained and remains in its precondemnation condition as a heavily wooded slope adjoining the highway.

We agree with the state that the property has, nonetheless, been "used" for the purpose intended. The state is entitled to protect its highway against potential future damage; it need not wait until another slide occurs and then proceed to condemn property then immediately needed for repair work. The doctrine that "they also serve who only stand in wait" is equally applicable to property as to persons. The property herein involved is being "used" by the state for the purpose of maintaining its highway.

[1]That hearing was before Judge Woolpert; the final judgment, after the stipulation, was entered by Judge Kirkpatrick. Although this appeal is, in form, from Judge Kirkpatrick's judgment, we here review Judge Woolpert's interlocutory order.

## II

The property owners rely on *People* ex rel. *Dept. of Pub. Wks.* v. *Bosio* (1975) 47 Cal.App.3d 495 [121 Cal.Rptr. 375], to support their contention that an environmental impact report was required. That contention is unsound.

(1) Unlike *Bosio,* the property owners here neither raised the issue of an environmental impact report in an answer or in a cross-complaint. That issue cannot be raised for the first time on appeal.

(2) *Bosio* involved the construction of a new highway, on a new alignment, involving a major change in the entire environment. Here the highway has been in existence for many years; the proposed use involves no major change in the character of the area, but seeks only to preserve the area as it is now and for years has been.

The judgment is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 26, 1978.